UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12126 EFH
MAGISTRATE JUDGE _____

**WILLIAM FOLEY,**
        Plaintiff,

v.

**ALCATEL USA, INC.,**
        Defendant,

**COMPLAINT**

RECEIPT # 59136
AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 10/7/04

**Introductory Statement**

1. This is an action brought, pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B), by a participant of an employee welfare benefit plan seeking to recover certain benefits due him under that plan.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1); and venue is appropriate under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**Parties**

3. Plaintiff, William Foley, is a natural person who resides at 184 Lamberts Drive, Cohasset, Massachusetts. At all times material to this action, Plaintiff Foley was a participant in The Alcatel USA, Inc. Severance Benefits Plan (hereinafter referred to as the "Plan"). A true and accurate copy of the Plan, as amended and restated January 7, 2002, is attached hereto and made a part hereof as Exhibit A.

4. Defendant, Alcatel USA, Inc. (hereinafter referred to as "Alcatel"), which has corporate headquarters located at 1000 Coit Road, Plano, Texas, was, at all times material to this action, both the Plan Administrator and Plan Sponsor of the Plan, within the meaning of Section 3(16)(A) and (16)(B), respectively, of ERISA, 29 U.S.C. §1002(16)(A) & (B).

## Background

5. In or about September 2000, Plaintiff Foley started working at Astral Point Communication (hereinafter referred to as "APC") in the capacity of "Sales Director."

6. On or about April 3, 2002, APC was acquired by Alcatel. From the date of Alcatel's acquisition of APC until May 21, 2002, the date Plaintiff Foley received notice of his termination from Alcatel, Plaintiff Foley was not informed of any change in his employment status nor was he informed that his position, as Sales Director, had been subject to reclassification.

7. Under the terms of the Plan, a participant with a "job level of Director" was entitled to a minimum severance payment equal to twenty-six (26) weeks' pay. See Exhibit A, Plan at Page 8, Article 4, §4.2. However, the term "job level of Director" was not defined in the Plan.

8. Also under the terms of the Plan, the Plan Administrator or its designee, the "Appeals Committee," was granted "the responsibility and discretion to interpret and enforce all Plan provisions in their sole and absolute discretion." However, the Plan further provided that "any exercise of discretion by the Plan Administrator or Appeals Committee must be exercised in a uniform and nondiscriminatory manner." See Exhibit A, Plan, ERISA Supplement at Page S-3.

9. On or about May 21, 2002, Plaintiff Foley received, among other documents, a Severance Statement, informing him that he was eligible to receive only 1.5 weeks of severance pay, or a total of $2,596.15. A true and accurate copy of the statement is attached hereto and made a part hereof as Exhibit B.

10. On June 20, 2002, Plaintiff Foley requested that he be paid a severance benefit equal to 26 weeks of pay. In a letter dated June 25, 2002, Plaintiff Foley was advised by Alcatel that he was "not entitled to a director-level severance package" and was notified that he could "file a claim under the terms of the Plan if [he] should choose to do so." A true and accurate copy of the June 25, 2002 letter is attached hereto and made a part hereof as Exhibit C.

11. Subsequently, on July 17, 2002, Plaintiff Foley filed a formal claim disputing the amount of the severance benefit scheduled to be paid to him under the Plan. A true and accurate copy of the July 17, 2002 claim is attached hereto and made a part hereof as Exhibit D.

12. By letter dated August 9, 2002, the Plan Administrator, acting through the Alcatel USA Director of Corporate Benefits, notified Plaintiff Foley that his claim for additional severance benefits had been denied. A true and accurate copy of the August 9, 2002 denial is attached hereto and made a part hereof as Exhibit E.

13. On or about August 26, 2002, Plaintiff Foley appealed the Plan Administrator's decision denying his claim for additional severance benefits. An accurate copy of the text of that appeal is attached hereto and made a part hereof as Exhibit F.

14. By letter dated December 23, 2002, the Plan Administrator, acting through the Appeals Committee, notified Plaintiff Foley that his appeal had been denied. A true and accurate copy of the December 23, 2002, denial notice is attached hereto and made a part hereof as Exhibit G.

15. Under the terms of the Plan, the execution of a Confidential Severance Agreement and General Release was a condition of obtaining a severance benefit under the Plan. Because Plaintiff Foley refused to sign a General Release, he received no benefit from the Plan.

16. As stated in Plaintiff Foley's appeal, at least two other former APC employees, whose job duties and responsibilities were identical to those of Plaintiff Foley, Fred Parenteau and Dan Micelli, received severance benefits under the Plan equal to twenty-six (26) weeks of their regular base pay.

## Cause of Action

17. Plaintiff Foley re-alleges and incorporates by reference the allegations set out in paragraphs 3 through 16 above.

18. Under the terms of the Plan, participants with a "job level of Director" were entitled to a minimum severance payment equal to twenty-six (26) weeks of severance pay. The Plan does not define, either directly or by reference to any ancillary document, the term "job level of Director." However, the Plan does require that the Plan Administrator interpret and apply the provisions of the Plan in a "uniform and nondiscriminatory manner."

19. In the case of Plaintiff Foley, the Plan Administrator did not apply the terms of the Plan in a "uniform and nondiscriminatory manner" in that at least two other former APC employees, whose job duties and responsibilities were identical to those of Plaintiff Foley, Fred Parenteau and Dan Micelli, received severance benefits under the Plan equal to twenty-six (26) weeks of their regular base pay.

20. Under ERISA, the Plan Administrator is required to apply the terms of the Plan as written, including, in the instant case, the express requirement that those terms be applied in a "uniform and nondiscriminatory manner."

21. Accordingly, Plaintiff Foley is entitled to severance benefits under the Plan equal to twenty-six (26) weeks of his regular base pay, *i.e.* $45,000.

WHEREFORE, Plaintiff William Foley prays that this Honorable Court enter an order awarding him –

a. Severance benefits in the amount of forty-five thousand dollars ($45,000);

b. His attorneys' fees and costs in accordance with Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1); and

c. Whatever further relief that the Court deems right and just.

For the Plaintiff,
**WILLIAM FOLEY**,
By his Attorneys,

Gabriel O. Dumont, Jr. BBO#137820
John D. Burke BBO#556751
Dumont, Morris & Burke, PC
14 Beacon Street, Suite 300
Boston, MA 02108
Tel (617) 227-7272
Fax (617) 227-7025
Email gdumont@dmbpc.net
Email jburke@dmbpc.net

Date: September 30, 2004