UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM FOLEY, | § § | |
| Plaintiff, | § § | |
| V. | § § | Civil Action No. 04-1216 EFH |
| ALCATEL USA, INC., | § § § | |
| Defendant. | § | |

## ALCATEL USA, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Alcatel USA, Inc. ("Alcatel") for its answer to the Complaint ("Complaint") by Plaintiff William Foley in the above-captioned cause ("Plaintiff") respectfully responds to the allegations of the Complaint, by corresponding numbered paragraphs,, as follows:

1. Alcatel admits that this action is brought by a participant of an employee welfare benefit plan seeking to recover certain benefits he alleges are due him under the plan, but is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 1 of the Complaint.

2. Alcatel alleges that the allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no admission or denial is required.

3. Alcatel admits that Plaintiff is a natural person and that he was a participant in The Alcatel USA, Inc. Severance Benefits Plan (the "Plan"), as alleged in Paragraph 3 of the Complaint. Alcatel also admits that the copy of the Plan attached as Exhibit A to the Complaint is a true and correct copy of the Plan as amended and restated January 7,

2002. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 3 of the Complaint.

4. As alleged in Paragraph 4 of the Complaint, Alcatel admits that it had its corporate headquarters located at 1000 Coit Road, Plano, Texas and that it was both the Plan Administrator and Plan Sponsor of the Plan within the meaning of Section 3(16)(A) and (16)(B), respectively, of ERISA, 29 U.S.C. §1002(16)(A) & (B) during the year 2002. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies the allegations contained in Paragraph 5 of the Complaint.

6. Alcatel admits that, on or about April 3, 2002, it acquired Astral Point Communications, Inc. as alleged in the first sentence of Paragraph 6 of the Complaint. Alcatel admits that Plaintiff received notice of termination on or about May 21, 2002. Alcatel denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Alcatel admits the allegations contained in the first sentence of Paragraph 7 of the Complaint. The allegation contained in the second sentence of Paragraph 7 of the Complaint does not contain factual allegations that require an admission or a denial. Alcatel admits that the term "job level of Director" was not defined in the Plan, as alleged in the third sentence of Paragraph 7 of the Complaint. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 7 of the Complaint.

8. Alcatel admits the allegations contained in the first sentence of Paragraph 8 of the Complaint. Alcatel admits that the Plan provided that "any exercise of discretion by the

Plan Administrator or Appeals Committee must be exercised in a uniform and nondiscriminatory manner," as alleged in the second sentence of Paragraph 8 of the Complaint. The allegation contained in the third sentence of Paragraph 8 of the Complaint does not contain factual allegations that require an admission or a denial. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 8 of the Complaint.

9. Alcatel admits that, on or about May 21, 2002, Plaintiff received a Severance Statement dated May 21, 2002 (the "Severance Statement"). Alcatel admits that, as alleged in the first sentence of Paragraph 9 of the Complaint, the Severance Statement informed Plaintiff that, among other things, he was eligible to receive 1.5 weeks of Severance Pay and that the corresponding pay totals $2,596.15. Alcatel also admits that a true and correct copy of the Severance Statement was attached to the Complaint as Exhibit B, as alleged in the second sentence of Paragraph 9, but notes that the enclosure referenced in the Severance Statement was not included with Exhibit B. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 9 of the Complaint.

10. Alcatel admits the allegations contained in Paragraph 10 of the Complaint.

11. Alcatel admits the allegations contained in Paragraph 11 of the Complaint.

12. Alcatel admits the allegations contained in Paragraph 12 of the Complaint.

13. Alcatel admits the allegations contained in Paragraph 13 of the Complaint.

14. Alcatel admits the allegations contained in Paragraph 14 of the Complaint.

15. Alcatel admits the allegations contained in Paragraph 15 of the Complaint.

16. Alcatel denies the allegations contained in Paragraph 16 of the Complaint.

17. Alcatel incorporates by reference each of its above responses to Paragraphs 3 through 16.

18. Alcatel admits the allegations contained in the first and second sentences of Paragraph 18 of the Complaint. Alcatel is without sufficient knowledge or information to form a belief as to the truth of, and therefore, denies any remaining allegations contained in Paragraph 18 of the Complaint.

19. Alcatel denies the allegations contained in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required.

21. Alcatel denies the allegations contained in Paragraph 21 of the Complaint.

Alcatel denies Plaintiff's entitlement to the relief requested in the Prayer of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy the conditions precedent to receipt of Severance Pay.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## REQUESTS FOR RELIEF

Alcatel respectfully requests the Court enter the following relief:

A. Enter final judgment in favor of Alcatel and against Plaintiff, dismissing with prejudice the Complaint in its entirety;

B. Award Alcatel its costs and attorney's fees; and

    C. Grant Alcatel such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

ALCATEL USA, INC.,

By its attorneys,

_____
T. Christopher Donnelly (BBO# 129930)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Of counsel:
Sharan Leslie Goolsby
Texas State Bar No. 00793836
Alcatel North America
3400 West Plano Parkway
M/S 009
Plano, Texas 75075
Telephone:   (972) 519-2547

Dated: December 6, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: _____