UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12126 EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WILLIAM FOLEY,
      Plaintiff,

v.

ALCATEL USA, INC.,
      Defendant,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE MEMORANDUM IN EXCESS OF TWENTY (20) PAGES**

Now comes the Plaintiff, William Foley, and respectfully moves this Honorable Court, pursuant to Local Rule 7.1(B)(4), for leave to file a Memorandum in Support of His Motion to Compel the Production of Documents in excess of twenty (20) pages. As grounds for his request, Plaintiff states:

1. Plaintiff has moved this Court pursuant to Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 37.1, to order the Defendant, Alcatel USA, Inc. to produce documents responsive to his First Request for Production of Documents numbered 1-43. In this regard, the Defendants have refused to produce any documents (including those identified in their Rule 26(a)(1)(B) disclosures), unless Plaintiff executes an unacceptable "Protective Order".

2. Local Rule 37.1(B)(4)-(5) requires that the moving party set forth each request for production as well as the Defendant's response. In the instant matter, the Defendant has refused to provide any documents responsive to the forty-three (43) requests for

production served by the Plaintiff. As such, each request and response must be set forth along with argument in the Memorandum. Moreover, the Defendant applied to each of its Responses "General Objections" consisting of seven (7) separate objections. *See* Plaintiff's Memorandum, Exhibit C at 1-2.

3. In addition, the Defendant has required that the Plaintiff execute an unacceptable "Protective Order" prior to the production of the requested documents. In this regard, the Defendant, in response to the Plaintiff's First Request for Production of Documents, has not moved for a protective order and, as such, it is necessary to address the proposed "Protective Order" in the body of the Memorandum in addition to the separate discovery requests.

4. As set forth in his Local Rule 37.1(B)(2) Certificate, Plaintiff has attempted to narrow the issues without success prior to filing the instant Motion to Compel.

5. The Plaintiff requires the additional pages to adequately address the issues surrounding the proposed "Protective Order" and each of the individual requests for production of documents.

6. No party will be prejudiced by the allowance of this motion.

For these reasons, thr Plaintiff respectfully requests that his motion be granted.

|  |  |
|---|---|
|  | For the Plaintiff,<br>**WILLIAM FOLEY**,<br>By his Attorney,<br><br>*/s/ John D. Burke*<br>John D. Burke, BBO # 556951<br>Dumont, Morris & Burke<br>14 Beacon Street<br>Suite 300<br>Boston, MA  02108 |
| August 23, 2005 | (617) 227-7272 |

## CERTIFICATE OF SERVICE

I, John D. Burke, attorney for the Plaintiff, hereby certify that this document was served upon counsel of record for the Defendant, T. Christopher Donnelly and Sharan Goolsby, by U.S. Mail, postage prepaid, on August 23, 2005.

Signed under oath.

*/s/ John D. Burke*
John D. Burke