EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12126 EFH

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
WILLIAM FOLEY,                                  *
              Plaintiff,                        *
                                                *
v.                                              *
ALCATEL USA, INC.,                              *
              Defendant,                        *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Plaintiff, William Foley, hereby responds to the Defendant's Request for Admissions as follows:

### GENERAL OBJECTIONS

Each of the Responses set forth herein shall be subject to the following General Objections, which shall be incorporated as if fully set forth therein:

1. The Plaintiff generally objects to the Defendant's Requests to the extent they seek information that is subject to the attorney-client privilege or work product doctrine and/or was otherwise prepared in anticipation of litigation or for trial.

2. The Plaintiff generally objects to the Defendant's Requests to the extent that they are vague, overly broad and ambiguous and seek legal conclusions.

3. The Plaintiff generally objects to the Defendant's Requests on the grounds to the extent that the term "last position" is vague and ambiguous.

**REQUEST NO. 1:**    No person reported directly to Foley during the time that he was employed by Alcatel.

Objection:    Plaintiff objects to the Request on the grounds that "The Alcatel USA, Inc. Severance Benefits Plan Amended and Restated January 7, 2002" did not require direct reporting or service in a managerial or supervisory position but rather provided that "Minimum Severance Payment for Director, Sr. Director or AVP" would receive "26 weeks of Regular Base Pay for employees with the job level of Director, Sr. Director or AVP". Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Admitted.

**REQUEST NO. 2**:   At no time during his employment with Alcatel did Foley serve in a managerial or supervisory role.

Objection:    *See* Objection to Request No. 1. Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Admitted.

**REQUEST NO. 3**:   At no time during his employment with Astral did Foley serve in a managerial or supervisory role.

Objection:    *See* Objection to Request No. 1. Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Denied.

**REQUEST NO. 4**:   In his last position at Astral, no one reported to Foley.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects to the Request on the grounds that the term "last position" is vague and ambiguous. Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Denied

**REQUEST NO. 5**:   Foley did not direct any other employees when he was employed by Alcatel.

Objection:    *See* Objection to Request No. 1. Without waiving the foregoing objection, the Plaintiff answers as follows:

Answer:    Admitted.

**REQUEST NO. 6**:   In his last position at Astral, Foley did not direct any other employees.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects to the Request on the grounds that the term "last position" is vague and ambiguous. Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Denied.

**REQUEST NO. 7**:   Foley did not supervise any employees in his job at Alcatel.

2

Objection:    *See* Objection to Request No. 1.  Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Admitted.

**REQUEST NO. 8:**    In his last position at Astral, Foley did not supervise any employees.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects to the requests on the grounds that the term "last position" is vague and ambiguous. Without waiving the foregoing objection, Plaintiff answers as follows:

Answer:    Denied.

**REQUEST NO. 9:**    While employed at Astral Point, Fred Parenteau had at least one employee reporting to him.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects on the grounds that the Request is vague as to time.  Without waiving the foregoing objection, the Plaintiff answers as follows:

Answer:    Admitted to the extent that  Fred Parenteau had at least one employee reporting to him until June 2001.  Denied to the extent that Fred Parenteau had at least one employee reporting to him following June 2001.

**REQUEST NO. 10:**    While employed at Astral, Fred Parenteau supervised at least one employee.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects on the grounds that the Request is vague as to time.  Without waiving the foregoing objection, the Plaintiff answers as follows:

Answer:    Admitted to the extent that  Fred Parenteau supervised at least one employee until June 2001.  Denied to the extent that Fred Parenteau supervised at least one employee following June 2001.

**REQUEST NO. 11:**    While employed at Astral, Daniel Micelli had at least one employee reporting to him.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects on the grounds that the Request is vague as to time.  Without waiving the foregoing objection, the Plaintiff answers as follows:

Answer:    To the best of my knowledge, denied.

3

**REQUEST NO. 12:**  While employed at Astral, Daniel Micelli supervised at least one employee.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects on the grounds that the Request is vague as to time.  Without waiving the foregoing objection, the Plaintiff answers as follows:

Answer:    To the best of my knowledge, denied.

**REQUEST NO. 13:**  When Foley was hired by Astral, he reported directly to Fred Parenteau.

Objection:    *See* Objection to Request No. 1. Plaintiff further objects on the grounds that the Request is vague as to time.  Without waiving the foregoing objection, the Plaintiff answers as follows:

Answer:    Admitted to the extent that Foley, following his initial hiring, reported directly to Fred Parenteau until June 2001.

**REQUEST NO. 14**:  Alcatel awarded Foley all benefits he was due under the Plan.

Answer:    Denied.

**REQUEST NO. 15:**  Foley was not a Director of Sales during his employment with Astral.

Answer:    Denied.

**REQUEST NO. 16:**  Foley was not a Director of Sales during his employment with Alcatel.

Answer:    Denied.

Signed under oath this ___ day of  June, 2005 .

William Foley        June 23 2005

4

As to Objections:

For the Plaintiff,
**WILLIAM FOLEY,**
By His Attorney,

John D. Burke
Dumont, Morris And Burke, PC
14 Beacon Street
Suite 300
Boston, Massachusetts 02108
(617) 227-7272

## CERTIFICATE OF SERVICE

I, John D. Burke, hereby certify that I served this document upon counsel for the
Defendant, T. Christopher Donnelly, Esq., by hand, and Sharan Goolsby, Esq., by U.S. Mail,
postage prepaid, on this 24th day of June, 2005.

Signed under oath.

John D. Burke