UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM FOLEY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 04-12126 EFH
)
ALCATEL USA, INC., )
)
    Defendant. )

## AFFIDAVIT OF JULIE A. LIPTAK

I, Julie A. Liptak, state:

1.    My name is Julie A. Liptak. I currently am employed as the Vice President of Human Resources at Alcatel USA, Inc. ("Alcatel"). I have bachelors degrees in psychology and sociology from State University of New York at Genesco and received a masters degree in industrial and labor relations from Cornell University. I have been employed as a human resources professional since 1989 and began working for Alcatel in April 1998.

2.    In April 2002, Alcatel acquired a company named Astral Point Communication ("Astral Point") that, at the time, had approximately 192 employees. As part of Alcatel's acquisition of Astral Point, Alcatel conducted a "title mapping" exercise to convert the titles of Astral Point employees to the appropriate titles in the Alcatel job classification system. In the Alcatel job classification system, sales people are classified at various levels, including, in ascending order: account manager, account director, senior account director, director sales and assistant vice president. As a result of the title

mapping exercise, William Foley ("Mr. Foley) who had the title of "sales director" at Astral Point was determined to be at an "account director" level in the Alcatel job level classification system.

3. At the time of Alcatel's acquisition of Astral Point, Alcatel had in place a Severance Benefits Plan ("Plan"), a copy of which is attached to Mr. Foley's complaint. Pursuant to the Plan, employees with an Alcatel job level of "director, senior director or AVP" are eligible, upon layoff, for a minimum severance payment of "26 weeks of regular base pay." Plan, §4.1. The minimum severance payment for an eligible "non-director/VP" is 1.5 weeks. Plan, §4.1. At Alcatel, employees may have the term "director" at the end of their title without being at a "director" level for purposes of the Plan or otherwise. One title at Alcatel is "account director" which is a relatively common and non-managerial sales position. Account directors are not considered to be at a job level of "director, senior director or AVP" as defined in the Plan, and therefore only entitled to a minimum severance payment of 1.5 weeks. In contrast, an employee whose job title was "director sales" would be at a director level, eligible under the plan to a minimum 26 weeks severance pay. The same is true in other Alcatel departments. For example, in the marketing department, there may be many people with the job title "marketing director" and yet only a "director of marketing" would be eligible under the Plan to the minimum 26 week severance payment.

4. Shortly after the acquisition of Astral Point, Alcatel made a business decision to lay off certain Alcatel employees, including former Astral Point sales employees Mr. Foley, Dan Micelli ("Mr. Micelli"), and Fred Parenteau ("Mr. Parenteau").

2

5. Mr. Micelli's title at Astral Point prior to Alcatel's acquisition was "director: major accounts," and his title mapped over in the Alcatel system to "director sales." Exhibit A. Mr. Parenteau's title at Astral Point was "senior director of sales: Northeast," and his job title mapped over in the Alcatel System to "director sales." Exhibit A.

6. Alcatel maintains employee information, including employee job titles, in a human resources database called "Cyborg." Attached at Exhibit B are printouts from the Cyborg System on Messrs. Foley, Parenteau and Micelli. As evidenced in the Cyborg system, Mr. Foley was classified with the job title "account director" whereas Messrs. Micelli and Parenteau were classified with the job title "director sales."

7. It is my understanding that when the job termination decisions were made, the Cyborg system was used to determine whether an employee was eligible for the minimum 1.5 week or 26 week severance payment. Because of their job levels as reflected in the Cyborg system, Messrs. Micelli and Parenteau were determined to be eligible for the minimum 26 week severance payment, whereas Mr. Foley was eligible for the minimum 1.5 week severance payment.

8. On May 21, 2002, Alcatel issued a "severance statement" to Mr. Foley that stated he was eligible to receive 1.5 weeks of severance pay, provided that he signed the enclosed confidential severance agreement and general release ("Release"). Attached to the severance statement was a summary of the Plan. The summary states: "You or your beneficiary must file a written request for benefits if you believe you are entitled to benefits and have not been so advised or if you believe the calculation of your benefits is in error. Claims should be filed as specified in Section 5.3 of the Document."

Under Section 5.3 of the Plan, an employee should file a claim in writing within thirty days if "he believes that the calculation of the benefit is in error..." Pursuant to Section 5.4 of the Plan, an employee's compliance with Section 5.3 "is a mandatory precondition to filing an action for severance benefits in state or federal court."

9.  I spoke with Mr. Foley on the telephone after he received this statement. Mr. Foley said that he believed that he was eligible for 26 weeks severance pay. I told him that, under the Plan, he was only eligible for 1.5 weeks, because he was an "individual contributor" – *i.e.*, he was a non-managerial employee sales director. At no time did Mr. Foley suggest to me that he indeed managed any other employee. In any event, even if Mr. Foley were a "manager," he was not at a level of director or above in Alcatel's job classification system, and was not eligible for the minimum 26 week severance payment.

10. On June 25, 2002, I sent Mr. Foley a letter, a copy of which is attached at Exhibit C. In the letter, I reiterated that, based on his position, he was not entitled to a director-level severance package. To my knowledge, Mr. Foley never filed a claim in writing within thirty days of the May 21, 2002 severance statement.

11. Ultimately, it was determined that Mr. Parenteau's job level at Alcatel should have been classified as "account director," and not "director sales." At the time Astral Point was acquired, Mr. Parenteau was in a non-managerial position, but his title had not been changed by Astral Point. The fact that Mr. Parenteau may have received additional severance payments than he was entitled to if his job had been classified correctly does not mean that Mr. Foley was discriminated against, and, in fact, shows that

4

Alcatel was simply looking at job titles in the Cyborg system in making its determination of the appropriate severance level under the Plan.

12.  There was no "discrimination" at Alcatel against Mr. Foley. He would have received all of the severance benefits to which he was entitled if he had timely returned the Release. No Alcatel "account director" who was notified of termination between 1, 2002, and January 5, 2005, received director-level severance payments from Alcatel. Attached at Exhibit D is a chart that shows (with all employee names redacted, except for Messrs. Foley, Parenteau and Micelli) all terminated account directors and directors of sales in that time frame. As one can see, there were 66 account directors and senior account directors who were eligible for severance and not one of those people received a minimum 26 week director-level severance payment. Only the 16 employees who were directors of sales or sales support qualified for the minimum 26 week severance payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 16, 2005.

_____
Julie Liptak

5