UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM FOLEY,                          )
                                        )
               Plaintiff,               )
                                        )
V.                                      )        Civil Action No. 04- 12126 EFH
                                        )
ALCATEL USA, INC.,                      )
                                        )
               Defendant.               )

## AFFIDAVIT OF BRENDA MILLS

I, Brenda Mills, state:

1.     My name is Brenda Mills.  I currently am employed as the Senior

Director, Benefits at Alcatel USA, Inc ("Alcatel").  I have a masters degree in business

administration from East Texas State University.   I have been employed as a human

resources professional since 1985, and began working for Alcatel in November 2002.

2.     As part of my responsibilities as Senior Director, Benefits, I review

employee appeals of benefits decisions, and am responsible for preparing summaries of

the appeals for Alcatel's Administration Committee ("Committee").  I am also a member

of that Committee.

3.     On December 9, 2002, I attended an Administration Committee meeting,

at which a review of open ERISA cases, including Mr. Foley's, was conducted.  At the

time of the review, I had looked at the existing record concerning Mr. Foley's appeal and

summarized it for the  Committee.  The record consisted of the following, which I attach

as Exhibits to this Affidavit:

A.    A letter from Julie Liptak to Mr. Foley dated June 25, 2002, which stated that he had received the correct severance package.

B.    A letter from Mr. Foley dated July 17, 2002, in which he stated that he was entitled to director-level severance based on his title of "Sales Director" and the fact that two other sales directors from Astral Point had received the minimum 26-week director-level severance.

C.    A letter from my predecessor, Toby Todd, dated August 9, 2002, stating that Mr. Foley had received the appropriate level of severance and explaining that, "Your job level, as classified by the Alcatel job level system, was exempt individual contributor. The distinction between individual contributor and manager is the placement of "Director" or "Manager". Director, Manager or VP at the beginning of a title classifies you as a member of management. These same titles when placed at the end of the title classify you as an individual contributor. For business reasons and customer contacts, it is important to include these distinctions in the title, without the management responsibility. In addition, there are management positions which do not rise to the level of Director or Vice President, so even if you were a 'manager' you would still not be entitled to a higher minimum severance payment."

D.      Mr. Foley's appeal dated August 26, 2002, in which he claimed

that he was "never classified under the Alcatel job system" and

that two other former Astral Point employees had received

director-level severance.

E.      August 2002 emails between Toby Todd and Julie Liptak.

F.      October 2002 emails between Nancy Krangle and Julie Liptak.

G.      A letter from Nancy Krangle, Communications Manager,

Corporate Compensation & Benefits, to Mr. Foley, dated

October 22, 2002, requesting additional time to respond to his

appeal.

Also, I reviewed a June 24, 2002, email communication between Julie Liptak and

Alcatel's counsel, Megan Donovan, that I have been told is an attorney-client privileged

communication.

4.      There is nothing in the record that shows Mr. Foley filed a claim in

writing to the Plan Administrator within 30 days, as he is required to do under the Plan,

§§5.3 and 5.4

5.      Based on Mr. Foley's claims, I did check our human resources database to

determine that his title was an "Account Director." I also verified that the title was

correct from information I received from Julie Liptak. Under Alcatel's job classification

system, an "Account Director" is not a person with management responsibilities, and, in

any event, does not rise to a director or assistant vice president level. I also reviewed the

Severance Plan ("Plan") which grants the Plan Administrator the discretion to interpret

the Plan. Finally, I reviewed Mr. Foley's claim of "discrimination" - - simply a claim

that two other former Astral Point employees were eligible for the minimum 26 week severance payment. I determined that initially Mr. Foley had reported to Mr. Parenteau whose title had been Senior Director of Sales, but that when Astral Point was reorganized in April 2002, Mr. Parenteau was doing the same job as Mr. Foley, though his title never changed. I determined that Mr. Micelli's title and management responsibilities qualified him to receive director-level severance.

6.    At the meeting, I led a review of the open ERISA cases and the Committee had before it the summary I had prepared. The Committee considered Mr. Foley's claim and determined that he had received the appropriate level of benefits based on his job title, but that Mr. Parenteau had received the 26-week level severance benefit in error because his title had not been changed at Astral Point and was listed in the human resources database as "Director Sales." I am attaching as Exhibit H the minutes from the meeting, as well as the meeting agenda (which redacts the names of two other employees appealing benefits determinations in unrelated matters) and the summary concerning Mr. Foley's claim presented to the Committee.

7.    On December 23, 2002, I sent Mr. Foley the letter attached hereto at Exhibit I. I explained that the Committee had denied his request for increased severance benefits and attached for him a chart explaining Alcatel's job level classification system. I explained to him his title "Sales Director" was considered by Alcatel to be a non-management position, and that the term director would have to be at the beginning of his title in order for him to be eligible for director-level severance benefits. I further explained that the term "Sales Director" was instead used for business and customer contacts. I told him that his title, his compensation and the non-management nature of

4

his activities justified the treatment of his job as a non-director position under the Plan.

Finally, I told him that we had reviewed his claims of "discrimination" and found nothing

that warranted him being paid director-level severance benefits.

8.      Mr. Foley was treated the same as all other (and many) account directors

whom Alcatel has terminated, and therefore I cannot see how he can claim to be

"discriminated" against. Although he may feel that because Mr. Parenteau received

enhanced severance benefits (which the company determined were paid in error), this

error does not mean that Mr. Foley was eligible also for these benefits. In fact, far from

showing discrimination, it shows that Alcatel was determining severance benefits based

simply on employees' job titles in its classification system. Mr. Foley never presented us

with any evidence that he was a "manager" or that otherwise his sales position elevated

him to the status under Alcatel's job classification system of a director or assistant vice

president.

9.      It is my understanding that Mr. Foley has claimed that he is entitled to all

sorts of personnel records and other company documents. But the reality is that the

documents attached to this Affidavit, along with the Plan itself and the initial severance

statement to Mr. Foley, comprise the entire administrative record for his claim and the

documents the Committee and I considered in determining his claim.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct. Executed on September ___16___, 2005

_____
Brenda Mills

5